IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS S. WILLIAMS, 10075609,<br>      Petitioner, | )<br>)<br>) |
| v. | )    No. 3:12-CV-1281-O<br>) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## PROCEDURAL BACKGROUND

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice - Institutional Division.

Petitioner pled guilty to possession of a controlled substance. *State of Texas v. Carlos S. Williams*, No. F-068696-M (194th Dist. Ct., Dallas County, Tex. Apr. 18, 2007). He was sentenced to a ten-year suspended sentence and placed on a four-year term of community supervision. On August 15, 2008, his community supervision was revoked and he was sentenced to eight years in prison. On December 2, 2009, the Fifth District Court of Appeals modified the trial court's judgment and affirmed the judgment as modified. *Williams v. State*, No. 05-08-01216-CR (Tex. App. – Dallas 2009).

On February 4, 2009, Petitioner filed a state habeas petition. *Ex parte Williams*, No. 71,733-01. On April 29, 2009, the Court of Criminal Appeals dismissed the application because Petitioner's direct appeal was still pending. On December 11, 2009, Petitioner filed his second state habeas petition. *Ex parte Williams*, No. 71,733-02. On March 10, 2010, the Court of Criminal Appeals again dismissed the petition because Petitioner's direct appeal was pending at the time he filed his petition.[1]

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner did not file a petition for discretionary review. Further, both of his state habeas petitions were dismissed on procedural grounds. Petitioner has therefore not properly presented his claims to the Texas Court of Criminal Appeals.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court

---

[1] The Fifth District Court of Appeals issued its mandate on March 2, 2009.

remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record.  *See Rose v. Lundy,* 455 U.S. 509,  518-19 (1982).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 22nd  day of May, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).